UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

STATE OF MINNESOTA )
) ss.
COUNTY OF RAMSEY )

Your Affiant, Alex Jenne, being duly sworn, hereby deposes and states as follows:

## I.      INTRODUCTION AND AGENT BACKGROUND

1.      Your Affiant is a Special Agent with the Drug Enforcement Administration (hereinafter, the DEA) of the United States Department of Justice, and as such, is an investigator or law enforcement officer of the United States, within the meaning of Title 18, United States Code, Section 2510 (7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. Your Affiant has been employed as a Special Agent since February 2015 and is currently assigned to the Duluth, Minnesota, Post of Duty. Your Affiant received twenty-weeks of training in drug trafficking investigations and related legal matters at the DEA Training Academy in Quantico, Virginia. Prior to employment as a Special Agent, your Affiant served as a Task Force Officer with the DEA St. Louis Division Office from August 2012 to September 2014. From April 2006 to August 2012, your Affiant served as a police officer, more recently with the St. Louis County Police Department in St. Louis, Missouri.

2.      As part of your Affiant's official duties as a Special Agent, I investigate criminal and civil violations of the Controlled Substances Act (hereinafter, the CSA) under Title 21 of the United States Code. During your Affiant's professional career with the DEA, I have served as the primary case agent and also assisted in numerous investigations involving alleged violations of the

CSA that resulted in the seizure of drugs and related assets. Your Affiant has participated in multiple aspects of drug investigations, including, but not limited to, conducting physical surveillance, analyzing telephone data and documentary evidence, conducting interviews and debriefings, executing court-authorized search and arrest warrants, and testifying in court proceedings. Based on training and experience, your Affiant is familiar with methods of operation employed by drug traffickers operating at the local, statewide, national, and international levels, including those involved in the distribution, storage, and transportation of illegal drugs and the laundering of proceeds derived from their unlawful activities. Furthermore, your Affiant is familiar with the manners in which drug traffickers utilize cellular telephones in furtherance of their criminal activities.

3. The facts set forth in this affidavit come from your Affiant's personal knowledge derived from participation in this investigation, training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not set forth all of your Affiant's knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841 (a)(1), (b)(1)(A) and 846, conspiracy to possess with the intent to distribute and to distribute a controlled substance, namely methamphetamine, have been committed by Matthew James CUYPERS and John Arvid SUNDQUIST.

## II.   PROBABLE CAUSE

5.   In January 2022, the DEA Duluth Post of Duty initiated an investigation into the distribution of methamphetamine by CUYPERS and associates in Duluth, Minnesota, and surrounding areas.

6.   On February 22, 2022, the United States District Court for the District of Minnesota signed a search warrant authorizing the search of information, including, but not limited to, location information, associated with the cellular telephone assigned call number (218)214-4277, utilized by CUYPERS. Location information obtained pursuant to the search warrant indicated that the cellular telephone of CUYPERS was traveling east from Bakersfield, California, on February 23, 2022.

7.   On the morning of February 24, 2022, location information revealed that the cellular telephone of CUYPERS had traveled from Wyoming into South Dakota. On the same morning, the South Dakota Highway Patrol (hereinafter, the SDHP) conducted a traffic stop of a 2011 Kia Sorrento for a speeding violation in Rapid City, South Dakota. The Kia Sorrento was driven by CUYPERS and also occupied by a passenger, John Arvid SUNDQUIST. While Trooper Jackson of the SDHP was speaking with CUYPERS, Trooper Berry deployed his police service dog Loki around the exterior of the vehicle. Trooper Berry informed Trooper Jackson that Loki indicated to an illegal odor inside the vehicle. A search of the vehicle ultimately revealed approximately 27 pounds (gross weight) of suspected methamphetamine, additional suspected drugs, and drug paraphernalia. A field test was later conducted of the contents of one of the packages containing suspected methamphetamine. The result of the field test was positive for methamphetamine.

8. On February 24, 2022, members of the DEA Rapid City Post of Duty conducted interviews of CUYPERS and SUNDQUIST. CUYPERS was advised of his constitutional rights, at which time he indicated that he understood his rights and agreed to speak with investigators without an attorney present. During the interview, CUYPERS stated that CUYPERS, SUNDQUIST, and an associate traveled from Duluth to Bakersfield, California, to obtain methamphetamine, which would be transported back to Duluth for distribution. CUYPERS said SUNDQUIST was supposed to receive $5,000.00 United States currency for assisting CUYPERS on the trip. SUNDQUIST was advised of his constitutional rights, at which time he indicated that he understood his rights and agreed to speak with investigators without an attorney present. During the interview, SUNDQUIST stated that SUNDQUIST, CUYPERS, and an associate of CUYPERS traveled from Duluth to Bakersfield, California. SUNDQUIST said he believed that the purpose of the trip was to obtain marijuana. SUNDQUIST stated that while they were in Arizona or California, CUYPERS informed SUNDQUIST that the trip was for methamphetamine. SUNDQUIST told investigators that he was supposed to receive monetary compensation for going on the trip. SUNDQUIST stated that he believed he would receive the money upon returning to Duluth. CUYPERS and SUNDQUIST were transported to the Pennington County Justice Center in Rapid City, South Dakota where they were booked for state drug violations.

9. Based upon your Affiant's training and experience, approximately 27 pounds of methamphetamine, the amount of methamphetamine seized from the vehicle driven by CUYPERS and occupied by SUNDQUIST, is consistent with the intent to distribute.

10. Based upon all of the above, your Affiant respectfully submits that there is probable cause to believe that on or about February 24, 2022, Matthew James CUYPERS and John Arvid SUNDQUIST committed the following offense: conspiracy to distribute 500 grams or more of a

substance or mixture containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841 (a)(1), 841 (b)(1)(A), and 846.

Further your Affiant sayeth not.

*[signature]*
Alex Jenne, Special Agent
Drug Enforcement Administration

SUBSCRIBED and SWORN before me by reliable electronic means (FaceTime, Zoom email) pursuant to Fed. R. Crim. P. 41(d)(3) on March 8, 2022.

*[signature]*
The Honorable John F. Docherty
United States Magistrate Judge

5